## DORSEY v AKRON TRANSPORTATION CO

Ohio Appeals, 9th Dist, Summit Co.

No 2354.   Decided Feb 28, 1934

Artee Fleming, Akron, for plaintiff in error.

R. H. Nesbitt, Akron, for defendant in error.

434

## OPINION

By FUNK, J.

We cannot agree with this contention. We think the testimony of plaintiff is such that he had ample opportunity to see the automobile that hit him, and that he would necessarily have seen it if he had looked either through the windows or the door in the direction from which the traffic on that side of the paved portion of the street would naturally be expected to be coming, and which he said he did not do, but admitted he saw the automobile on the opposite side of the street, going in the same direction in which the street car was going, and which was the only other automobile on the street at the time so far as this record is concerned.

Measuring the evidence adduced by plaintiff by the rule which governs the duty a street railway company owes to its passengers, as announced by our state Supreme Court in the cases of **Reining v Traction & Light Co., 107 Oh St 528,** and **Cleveland Ry. Co. v Karbole, 125 Oh St 467,** and by the rule which governs the duty of passengers to exercise ordinary care for their own safety, as announced in the case of **Cleveland R. R. Co. v Sebesta, 121 Oh St 26,** we cannot say that the defendant violated any duty it owed its passengers; and this is especially so in view of the fact that plaintiff admitted that he did not look in the direction in which he might reasonably have expected vehicular traffic to be coming.

We also call attention to the case of **DeMarco v Cleveland Ry. Co., 24183 in the Supreme Court** (see Gongwer State Reports for May 16, 1933, page 3457). The statement of facts in said reports shows that the street car ran past the regular stopping place and that the passenger, as in the instant case, still had hold of the upright hand rod and had one foot on the step of the street car when he was struck by a passing automobile as he was alighting from the street car. Said report further shows that the Common Pleas Court entered judgment for defendant upon the opening statement of plaintiff's counsel, and that the Court of Appeals affirmed the judgment on authority of **Cleveland R. R. Co. v Sebsta, supra.** The Supreme Court overruled the motion to certify on June 21, 1933. According to said statement of facts, the evidence in that case was much stronger on behalf of plaintiff than it is in the case we have under consideration.

Moreover, even if it could be said that the evidence adduced by plaintiff constituted a scintilla of evidence requiring the case to be submitted to the jury, we cannot now say, under the recent decision of our state Supreme Court in the case of **Hamden Lodge v Ohio Fuel Gas Co,** in which said court unanimously abandoned the so-called scintilla rule, as such, and specifically overruled the second and third paragraphs of the syllabus of the case of **Ellis & Morton v Ohio Life Ins. & Trust Co., 4 Oh St 628,** and the case of **Clark v McFarland, 99 Oh St 100,** that the trial court erred in directing a verdict for defendant.

The judgment will therefore have to be affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.