## ZELIVYANSKY v CLEVELAND RY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15957. Decided May 31, 1937

Siegel & Siegel, Cleveland, for plaintiff-appellant.

Squire, Sanders & Dempsey, Cleveland, for defendant-appellee.

MONTGOMERY, PJ, and SHERICK, J, (5th Dist) and HORNBECK, J, (2nd Dist) sitting by designation.

## OPINION

By HORNBECK, J.

Plaintiff, a minor, by her next friend, instituted her action against defendant for damages for personal injuries claimed to have been suffered by the negligence of the servants and employees of the defendant company in the operation of a street car as it turned off of Arlington Avenue northerly into East 125th Street in the City of Cleveland. Negligence was charged in five specifications against both the motorman and the conductor. On issue drawn, the cause was submitted to judge and jury. Motion interposed for directed verdict at the conclusion of plaintiff's case, and at the close of the whole case, whereupon the judge directed a verdict for the defendant and entered judgment on the verdict upon which an appeal on questions of law is prosecuted.

We have been favored with the opinion of the trial court, which is to the effect that the evidence failed to prove that the motorman of the defendant company was negligent and that it appeared that plaintiff was chargeable with contributory negligence.

We are satisfied, giving plaintiff's testimony its most favorable interpretation in her behalf, which it is our obligation to do, that it tended to support the following:

That plaintiff was a passenger on defendant's car; that the motorman was negligent in that in the exercise of ordinary care he saw her or should have seen her at the front of the car seeking admittance as a passenger in time to have permitted her to board the car. This is predicated upon her statement that she reached the front door of the car and stood to the front (undoubtedly she meant the side) of the door, rapped three times on it before the car started and the motorman's testimony that at all times and on the occasion in question he looked to the side of the front door near which he was sitting, before starting the car; that the conductor was negligent in that after seeing plaintiff at the center door and after the knowledge that it was her desire to enter the car and after signalling her to board the car by the front entrance, failed and neglected to instruct the motorman by signal or otherwise, to hold the car so that the plaintiff might board it.

We have no hesitancy in saying that the jury would have been justified in finding that the motorman and conductor were negligent even though plaintiff was not a passenger and they were required to exercise ordinary care only toward her.

The one and only close question in this case is—was the plaintiff chargeable with contributory negligence as a matter of law?

We are of the opinion that upon the somewhat unusual facts this question cannot be resolved against the plaintiff as a matter of law but is one for factual determination by a jury. In so holding we are not setting aside any principle announced in any cited case nor establishing any new or different principle of law. Contributory negligence is not presumed against

a plaintiff any more than negligence is presumed against a defendant.

Noting the obligation to give plaintiff the benefit of any reasonable interpretation which the evidence adduced in her behalf will bear, and that her negligence cannot be presumed, we look at the facts.

The street upon which the plaintiff expected the car to stop before it made a turn into East 125th Street, is narrow. There is but a space of approximately 7½ feet from the curb to the outside of the street car when it is standing parallel to the curb. A sign designated as "car stop" was placed some forty feet to the west of the intersection of Arlington Avenue and E. 125th Street. The plaintiff stood at the curb and waited three minutes for the on-coming car. When the car arrived it did not stop where plaintiff had reason to expect that it would stop, but proceeded on to and partly around the turn on to East 125th Street. Because of the narrowness of the street at the intersection where the turn was made, and because of the position of the car when it started, the out-swing would be abrupt. The plaintiff confronted with the fact that the car had passed her some 40 to 50 feet, moved over to the car and noted passengers leaving from the exit at the center of the car and having theretofore boarded these cars at the center of the car and having observed others so boarding them, rapped on one of the center doors and at the same time requested the conductor to let her on the car by that entrance. Instead of admitting her he signalled her to move forward to the front entrance, which she hurriedly did, reaching this entrance before the car had started but after the door was closed. Thereupon she rapped three times on the closed door of the car and immediately thereafter the motorman started the car and swung it on around the curve and proceeded on his way.

The plaintiff states that she was struck by that portion of the car back of the center door and between that place and the end of the car.

Herein is found one distinction between this case and the Cleveland Railway Co. v Earl, No. 2930, Court of Appeals, Cuyahoga County, Ohio.

It may be properly inferred that plaintiff was perturbed, acting under stress of the moment, responding to instructions from the conductor as to the procedure by her to be followed to get on to the car; was confronted with the fact that she only had

a moment to board the car before it moved forward and while in this state of mind the car moved away from her. In this situation we are of the opinion that it is too harsh a rule to say that as a matter of law plaintiff should have stepped back before she was struck. Of course, if it can be said without dispute that all of the car passed her save the end thereof before she was struck, in all probability the evidence should have been resolved against her, and she would be charged with contributory negligence as a matter of law. Under the peculiar facts in this case, the stress under which plaintiff labored, the directions that the conductor gave her to move forward where she could enter the car, and the positive statement that she was struck by a portion of the car in front of the end and not the rear thereof, together with the fact that the out-swing of the car would be more abrupt in moving from a narrow street and making a turn into the intersection than at the public square for instance, requires us to say that the case should have been submitted to the jury with proper instructions by the court.

The principle announced in **Mahoning & Shenango Railway & Light Co. v Leady, 104 Oh St 487,** is helpful and supports our position. It is true that in the cited case the servant of the company was discourteous and impatient toward the passenger, which the court said justified the inference that the passenger was disturbed and interfered with the deliberate exercise of her faculties, but in this case the jury may have found that the same result obtained though brought about by different conduct on the part of the servants of defendant company.

The judgment will be reversed and cause remanded for further procedings according to law. Exceptions.

MONTGOMERY, PJ, and SHERICK, J, concur.