## TOBIN v PENN-OHIO COACH LINES CO.

Ohio Appeals, 9th Dist, Summit Co

No 3140. Decided May 12, 1939

Brouse, McDowell, May & Bierce, Akron, for appellant.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee.

## OPINION

PER CURIAM:

The action commenced in the Court of Common Pleas of Summit County, Ohio, was one for personal injuries, predicated upon the claimed tortious conduct of the defendant, acting through a servant. The defendant demurred to the petition "on the ground and for the reason that the statements and allegations therein contained do not constitute a cause of action against the defendant." The trial court sustained the demurrer. The plaintiff not desiring to plead further, but desiring to stand on the allegations of her petition, the said court dismissed the action and entered judgment against plaintiff for the costs.

From that judgment the plaintiff has appealed to this court on questions of law, and asserts as error the following:

"1. The Court of Common Pleas erred in sustaining the defendant's demurrer to plaintiff's petition on the ground that the plaintiff's petition did not contain allegations constituting a cause of action against the defendant.

"2. The Common Pleas Court erred in dismissing plaintiff's action and in entering judgment against the plaintiff for the costs incurred in said action."

For the purpose of this decision, the facts as set out in the petition must be taken as true. Briefly, they are: That the defendant corporation is a public carrier of passengers for hire, and as such operates a motor bus carrying passengers between the city of Akron and the city of Cleveland, that on January 22, 1937, the plaintiff boarded one of the busses operated by the defendant company as a passenger for hire for the purpose of being transported from Akron to Cleveland; that enroute to Cleveland the bus was operated into a ditch through the negligence of the operator thereof, and that as a result the plaintiff was "greatly shaken up, frightened and nervously excited"; that the accident caused a delay of about two hours, after which time the passengers, including this plaintiff, were transferred to another bus of the defendant company, and the passage to Cleveland was continued; that numerous passengers informed the driver of the bus that they were desirous of informing persons with whom they had engagements of the delay; that the driver instructed the passengers, including this plaintiff, that when the bus arrived at Brecksville he would stop the bus, and that they might leave it and go to the defendant company's ticket office there located, for the purpose of telephoning; that thereupon the bus was brought to a stop "to the south of two intersecting streets or highways of the village of Brecksville" and on the easterly or right-hand side of the road upon which the bus was traveling; that the defendant company "at the time maintained a ticket office," which was on the westerly side of the said road,

some considerable distance to the south of the said intersecting streets in the village; that it was then about 6:30 p. m.; that it was dark and snowing heavily, and that the visibility was poor; that after the bus was stopped, the operator thereof directed the plaintiff and others to its ticket office on the opposite side of the street, and that the passengers, including this plaintiff, entered the station for the purpose of telephoning; that upon arrival at the said station they discovered that the company had no telephone, whereupon the passengers left the station and undertook to return to the bus by recrossing the highway; that the direction in which the bus was traveling was north, and that "to the north of the intersecting streets" the road declined sharply; that as the plaintiff attempted to pass from the defendant's ticket office to the bus she was unable to see vehicles approaching from the north due to the decline in the grade of said highway, the falling snow and poor visibility; that as she was crossing the street she was struck by an automobile which approached from the north; and that she sustained severe injuries.

The plaintiff's petition, in addition to alleging that the defendant company failed in its obligation to exercise a high degree of care for the safety of the plaintiff as one of its passengers, pleaded specifically negligence on the part of the defendant company in the following respects:

1. That said defendant company was negligent in directing plaintiff to cross the said highway to its ticket office for the purpose of telephoning, as hereinabove stated, when it knew, or in the exercise of ordinary care should have known, that there was no telephone there located and in this manner unnecessarily exposing the plaintiff to the danger of crossing the said highway at the point hereinabove described.

2. In that said defendant company was negligent in stopping its bus south of the said intersection, and at the point hereinabove described, and in directing the plaintiff to cross the highway at said point, the said defendant

company at the time well knowing of the declivity of the Brecksville road to the north of the point where the plaintiff was directed to cross the said highway, and well knowing of the inability of the plaintiff, at said point, to see the approaching traffic from that direction, and especially in the night time, with snow falling and the visibility poor.

3. That the defendant was negligent in directing the plaintiff to cross the street at the point hereinabove mentioned without advising and warning her of the danger to be encountered by traffic approaching from the north, she, the plaintiff, at the time having no knowledge of the danger to be encountered and being in such a state of mental distraction from the previous accident hereinabove alleged, as did not enable her to comprehend the said danger, the defendant, at the time, well knowing both the danger to be encountered by the plaintiff and plaintiff's mental distraction.

4. That the defendant was negligent in failing to take any precaution whatsoever to guard or protect the plaintiff while so crossing the said highway from traffic approaching from the north, the said defendant well knowing of the danger to be encountered by the plaintiff from traffic from that direction and the said defendant well knowing of the mental distraction, disturbance and nervous excitement from which the plaintiff was still suffering by reason of the previous experience occasioned by the bus leaving the road and running into the said ditch as hereinabove mentioned.

This court has examined with care many of the reported cases dealing with the duties of a common carrier toward its passengers. Reference is made to the following ones in Ohio:

Jones v Youngstown Mun. Ry. Co., 133 Oh St 118.

Baier v Cleveland Ry. Co., 132 Oh St 388.

Cleveland Ry. Co. v Karbole, 125 Oh St. 467.

Cleveland Ry. Co. v Crooks, 125 Oh St 280.

Cleveland Ry. Co. v Krofta, 125 Oh St 126.

Cleveland Rd. Co. v Sebesta, 121 Oh St 26.

Community Traction Co. v Freeman, 116 Oh St 448.

Reining, Admx. v N. O. T. & L. Co., 107 Oh St 528.

Mahoning & S. Ry. & L. Co. v Leedy, 104 Oh St 487.

Lake Shore Elec. Ry. Co. v Shepherd, 48 Oh Ap 167.

Waldron v Southwestern Bus Co., 42 Oh Ap 549.

Zelivyansky v Cleveland Ry. Co., 24 Abs 666.

Dorsey v Akron Trans Co., 16 Abs 431.

The court has likewise carefully examined authorities in other states, and in no case, either in Ohio or elsewhere, do we find the carrier's liability extended to the claim made in this case.

Under the facts pleaded, it must be borne in mind, in treating of this demurrer, that the plaintiff alighted from the bus safely in a place of safety; that she crossed the highway in safety; that it was on her return to the bus, from a place of safety in the waiting room, that she was injured, and then while she was in a public highway, and by a third person over whom the carrier had no control; and that her temporary departure from the bus was at her own request and solely for her own accommodation and convenience.

In view of the authorities. we do not find that the petition states a liability against the carrier, even though the driver had knowledge of the plaintiff's mental condition when she alighted and crossed the street with the other passengers, and although plaintiff's said departure from the bus was occassioned by the fact that the bus was behind schedule due to the defendant's previous negligence.

Judgment affirmed.

WASHBURN, PJ., DOYLE & STEVENS. JJ., concur.